1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11  KEVIN JAMES SALMON,                    )  Case No.: 1:13-cv-00725 - AWI - JLT
                                           )
12            Plaintiff,                   )  ORDER GRANTING PLAINTIFF'S MOTION TO
                                           )  PROCEED IN FORMA PAUPERIS AND
13       v.                                )  DISMISSING PLAINTIFF'S COMPLAINT WITH
                                           )  LEAVE TO AMEND
14  KERN COUNTY SHERIFF'S                  )
    DEPARTMENT, et al.,                    )
15                                         )  (Doc. 1)
                                           )
16            Defendants.                  )
                                           )
17

18       Kevin James Salmon ("Plaintiff") is to proceed *pro se* and *in forma pauperis* with an action

19  against Kern County Sheriff Department's Child Protective Services, Trima Brown, Marcel Powel, an

20  Deputy Meyers ("Defendants").  (Docs. 1-2).  Accordingly, the complaint and Plaintiff's motion are

21  now pending before the Court.

22  **I.      Motion to Proceed In Forma Pauperis**

23       The Court may authorize the commencement of an action without prepayment of fees "but a

24  person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25  that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26  has reviewed the application and has determined it satisfies the requirements of 28 U.S.C. § 1915(a).

27  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

28  ///

                                           1

**II.      Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.      Section 1983 Claims**

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

**IV.      Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The

1 purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds

2 upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The

3 Supreme Court noted,

4 > Rule 8 does not require detailed factual allegations, but it demands more than an
5 > unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers
> labels and conclusions or a formulaic recitation of the elements of a cause of action will
6 > not do. Nor does a complaint suffice if it tenders naked assertions devoid of further
> factual enhancement.

7

8 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

9 Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d

10 266, 268 (9th Cir. 1982).  The Court clarified further,

11 > [A] complaint must contain sufficient factual matter, accepted as true, to state a claim
> to relief that is plausible on its face. [Citation]. A claim has facial plausibility when the
12 > plaintiff pleads factual content that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged. [Citation]. The plausibility
13 > standard is not akin to a probability requirement, but it asks for more than a sheer
> possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads
14 > facts that are merely consistent with a defendant's liability, it stops short of the line
> between possibility and plausibility of entitlement to relief.
15

16 *Iqbal*, 556 U.S. at 678 (citations omitted).  When factual allegations are well-pled, a court should

17 assume their truth and determine whether the facts the plaintiff is entitled to relief; conclusions in the

18 pleading are not entitled to the same assumption of truth.  *Id.* at 679.  The Court may grant leave to

19 amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez*

20 *v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

21 **V.      Plaintiff's Factual Allegations**

22 Plaintiff alleges he contacted Child Protective Services ("CPS") on January 7, 2013, to report

23 his "daughter was living in an unhealthy environment." (Doc. 1 at 3).  Plaintiff reports he spoke to

24 Trima Brown, a CPS worker in the Lake Isabella area, and requested "they . . . conduct a well child

25 check-up at the location [his] daughter was living at the moment."  *Id.*  He told Ms. Brown that his

26 daughter had bruises "under her chin that looked as if she's been choked and another on her left bicep."

27 *Id.* at 4.

28

1    According to Plaintiff, Marcel Powel, another CPS employee, was sent to the location where

2  his daughter lived.  (Doc. 1 at 4).  Plaintiff asserts that Ms. Powel "is believed to be related to the

3  mother of my daughter."  *Id.* Ms. Powel found that Plaintiff's daughter did not have bruises and

4  determined "the location as fit for the child to live at."  *Id.*

5    Plaintiff reports that prior to the social worker visiting the home, he had contacted the Kern

6  County Sheriff's Department and "asked if the Department could send a deputy to conduct a well child

7  check-up."  (Doc. 1 at 4)  Deputy Meyer, badge #472 of the Sheriff's Department responded to

8  Plaintiff's call.  *Id.* at 4-5.  Plaintiff asserts Deputy Meyer "told the mother of the child to move in

9  with her mother or [he] was going to report her to C.P.S."  *Id.* at 4.

10    Plaintiff alleges that "three days later prior[1] to the sheriff's check-up my daughter was found

11  unresponsive in her play-pin."  (Doc. 1 at 5).  Plaintiff reports that an autopsy was conducted to

12  determine the cause of his daughter's death.  *Id*.  The autopsy revealed that she died due to "blunt force

13  trauma to the head."  *Id.*  In addition, the autopsy revealed Plaintiff's daughter had "bruises under her

14  chin and left bicep."  *Id.*

15  **VI.    Discussion and Analysis**

16    Plaintiff asserts his daughter's death could have been avoided if the County and CPS

17  employees had done their job.  (Doc. 1 at 3, 5).  Accordingly, it appears Plaintiff seeks to state a claim

18  for loss of familial relationship in violation of the Fourteenth Amendment.[2]

19    **A.    Fourteenth Amendment protections**

20    The Supreme Court explained: "[T]he freedom to enter into and carry on certain intimate or

21  private relationships is a fundamental element of liberty protected by the Bill of Rights."  *Board of*

22  *Directors of Rotary Int'l v. Rotary Club*, 481 U.S. 537, 544 (1987).  The Ninth Circuit has determined

23

24    [1] This allegation is unclear.  If the child died prior to the deputy visiting the home, it is unclear why Plaintiff
thinks liability may be imposed on Deputy Meyer.

25    [2] Plaintiff has filed his complaint pursuant to Section 1983, which requires a violation of federal rights.  To the
extent that Plaintiff seeks to state a claim for wrongful death and/or negligence, he is informed that there is no federal

26  statute for a wrongful death claim.  Further, to proceed on these tort claims, Plaintiff must allege compliance with the
California Tort Claims Act, which requires a plaintiff seeking to pursue an action against a public employee to present a

27  written claim to the state's Victim Compensation and Government Claims Board within six months of accrual of the
action.  *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470,

28  1477 (9th Cir. 1995).

1   "a parent has a constitutionally protected liberty interest in the companionship and society of his or her

2   child." *Ward v. City of San Jose*, 967 F.2d 280, 283 (9th Cir. 1992); *see also Venerable v. City of*

3   *Sacramento,* 185 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002); *Ovando v. City of Los Angeles*, 92 F.Supp.

4   2d 1011, 1017 (C.D. Cal. 2000) ("parents of a decedent "have been found to have a constitutionally

5   protected liberty interest in their familial relationship under the Fourteenth Amendment").

6          To state a claim for interference with familial rights under Section 1983, a plaintiff must allege

7   "the defendant acted with deliberate indifference to these rights." *Venerable*, 185 F. Supp. 2d at 1131.

8   *See also Byrd v. Guess*, 137 F.3d 1126, 1134 (9th Cir. 1998) ("to prove their Fourteenth Amendment

9   claim, [plaintiffs] had to prove that the Officers acted with deliberate indifference to [their] rights of

10  familial relationship").  "Deliberate indifference is a stringent standard of fault, requiring proof that a

11  municipal actor disregarded a known or obvious consequence of his actions." *Bryan County v. Brown*,

12  520 U.S. 397, 410 (1997); *Kennedy v. City of Ridgefield*, 411 F.3d 1134, 1143 (9th Cir. 2005).  Thus,

13  under the deliberate indifference standard, an individual "must both be aware of facts from which the

14  inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

15  inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

16         Here, Plaintiff has not alleged facts supporting an allegation that Ms. Brown knew of serious

17  risk harm to his daughter and disregarded the risk.  Instead, after receiving Plaintiff's call, Ms. Brown

18  caused a social worker, Ms. Powel, to be dispatched to check on Plaintiff's daughter. (Doc. 1 at 3)

19  Thus, why Plaintiff believes Ms. Brown caused him to suffer a constitution violation is not explained in

20  the complaint.

21         On the other hand, Ms. Powel reported that when she visited, she did not see bruises on the

22  child and the home was appropriate.  (Doc. 1 at 4)  However, after the child died, the autopsy

23  determined that the child had a bruise under her chin and on her left bicep just as Plaintiff had reported.

24  *Id.* At this stage, the Court will assume these are the same bruises that Plaintiff had observed and which

25  would have been observable to Ms. Powel.  Nevertheless, there are insufficient facts alleged that Ms.

26  Powel acted with deliberate indifference while investigating the child's circumstances and that she

27  knew of a serious risk of harm to the child and disregarded the risk.   For example, there are no facts

28  alleged that something about the bruises or the child's circumstances made it obvious that they were

5

1    inflicted on her due to abuse rather than to normal play or life activity.

2        Finally, there are no facts alleged that Deputy Meyer disregarded a known risk to Plaintiff's

3    daughter which caused her death.  Indeed, it appears from the facts alleged that the condition of the

4    home made it unsuitable but there are no facts alleged that Meyer discovered any evidence the child

5    was suffering physical abuse.[3]  Accordingly, Plaintiff fails to allege facts sufficient to support claims

6    for violations of the Fourteenth Amendment by these defendants, and the claims are **DISMISSED**.

7        **B.        The Kern County Sheriff's Department is not amenable to suit**

8        Municipalities or other governmental bodies may be sued as a "person" under Section 1983 for

9    the deprivation of federal rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However,

10   the Ninth Circuit has determined "municipal police departments and bureaus are generally not

11   considered 'persons' within the meaning of 42 U.S.C. § 1983."  *United States v. Kama*, 394 F.3d

12   1236, 1240 (9th Cir. 2005).  In *Morris v. State Bar*, the Court considered whether the City of Fresno

13   Fire Department was amenable to suit and held:

> Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. *Hervey*, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). *See also Sanders v. Aranas*, 2008 U.S. Dist. LEXIS 6402, 2008 WL 268972, 3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).
>
> ...The City of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under § 1983.

21   *Morris v. State Bar*, 2010 U.S. Dist. LEXIS 36945, at *6-7 (E.D. Cal. Mar. 10, 2010).  Notably, several

22   decisions in the Eastern District held sheriff and police departments are not "persons" under Section

23   1983.[4]  *See, e.g., Alston v. County of Sacramento*, 2012 U.S. Dist. LEXIS 95494, at *6-7 (E.D. Cal.

24   July 10, 2012); *Hall v. Placer County Sheriff's Dep't*, 2011 U.S. Dist. LEXIS 137552, at *31-32 (E.D.

25

---

26   [3] Again, the complaint makes it unclear whether Deputy Meyer visited the home before or after the child's death.
     [4] Moreover, this rationale is followed by other districts within the Ninth Circuit as well.  *See, e.g., Vance v. County*

27   *of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("the term 'persons' does not encompass municipal departments.");
     *Ortega v. Chula Vista Police Dep't*, 2010 U.S. Dist. LEXIS 66960, at *2 (S.D. Cal. June 29, 2010) (the "Chula Vista Police

28   Department lacks capacity to be sued under Section 1983. . .").

1  Cal. Nov. 30, 2011); *Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *6 (E.D. Cal.

2  Feb. 2, 2011).  Given its status as a department of the County of Kern, the Sheriff's Department is not

3  the proper defendant to these claims.  Therefore, the claims for violations of civil rights by Kern

4  County Sheriff's Department are **DISMISSED.**

5      **C.      The County of Kern may be held liable only if an unconstitutional custom or**

6  **policy caused the damages**

7      Assuming Plaintiff is attempting to state a claim against the County of Kern, rather than the

8  Sheriff's Department, he has not done so.  A claim against a local governmental unit for municipal

9  liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force'

10  behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667

11  (9th Cir.2007) (citing *Monell,* 436 U.S. at 694-695.  However, Plaintiff has failed to allege facts

12  demonstrating that the child's death was caused by a deliberate policy, custom or practice instituted by

13  the County of Kern. At most, Plaintiff seems to attempt to impose liability on the municipality merely

14  because it employed Deputy Meyer. This is insufficient to implicate *Monell* liability.  A county may

15  not be held liable on a theory of respondeat superior. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th

16  Cir.1993); *Monell*, 436 U.S. at 691 ("a municipality cannot be held liable solely because it employs a

17  tortfeasor").  Therefore, Plaintiff's complaint fails to state a cognizable claim as to the County of Kern.

18  **VII.    Leave to Amend**

19      A plaintiff should be granted leave to amend when the deficiencies of the complaint can be

20  cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or

21  a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted

22  if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in

23  support of the claim or claims that would entitle her to relief.  *See Hishon v. King & Spalding*, 467 U.S.

24  69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

25      In this case, it is unclear whether Plaintiff may allege facts supporting his claim for violations

26  of the Fourteenth Amendment.  Accordingly, the Court will grant leave for Plaintiff to cure the

27  deficiencies identified above by stating facts sufficient for the Court to determine the defendants

28

1   disregarded a serious risk to his daughter, and were deliberately indifferent.  The amended pleading

2   must bear the docket number assigned this case and must be labeled "First Amended Complaint."

3        Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his First

4   Amended Complaint complete.  Local Rule 220.  As a general rule, an amended complaint supersedes

5   the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, once Plaintiff files

6   First Amended Complaint, the original complaint no longer serves any function in the case.

7        Accordingly, **IT IS HEREBY ORDERED**:

8        1.      Plaintiff's Complaint is **DISMISSED** with leave to amend; and

9        2.      Plaintiff **SHALL** file a First Amended Complaint within thirty days from the date of

10              service of this Order.

11  **Plaintiff is advised that his failure to comply with the orders of he Court may result in a**

12  **recommendation that the matter be dismissed.**

13

14  IT IS SO ORDERED.

15   Dated:   **May 28, 2013**                    **/s/ Jennifer L. Thurston**

16                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28