1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN JAMES SALMON, | ) Case No.: 1:13-cv-00725 - AWI - JLT |
| | ) |
| Plaintiff, | ) ORDER TO PLAINTIFF TO SHOW CAUSE WHY |
| | ) THE ACTION SHOULD NOT BE DISMISSED |
| v. | ) FOR HIS FAILURE TO PROSECUTE AND |
| | ) FAILURE TO COMPLY WITH THE COURT'S |
| KERN COUNTY SHERIFF'S | ) ORDER |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Kevin James Salmon ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action against Kern County Sheriff Department's Child Protective Services, Trima Brown, Marcel Powel, an Deputy Meyers ("Defendants"). (Docs. 1-2). On May 28, 2013, the Court screened Plaintiff's complaint and determined he failed to state a cognizable claim. (Doc. 3). The Court dismissed the complaint with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days of the date of service, or no later than June 27, 2013. (*Id.* at 8). To date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

1

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for his failure to prosecute and failure comply with the Court's order or, in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated:   **July 2, 2013**                                  **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE