UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JAMES SALMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-00725-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

Kevin James Salmon ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action against Kern County Sheriff, Child Protective Services, Trima Brown, Marcela Powel, and Deputy Meyes (collectively, "Defendants"). For the following reasons, the Court recommends the action be **DISMISSED WITHOUT PREJUDICE**.

**I.　　Relevant Procedural History**

On May 28, 2013, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(a) and determined he failed to state a cognizable claim. (Doc. 3). The Court dismissed the complaint with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days of the date of service, or no later than June 27, 2013. (*Id.* at 8).

After Plaintiff failed to file an amended complaint, the Court ordered Plaintiff to show cause why the action should not be dismissed for his failure to prosecute the action and failure to comply with the Court's order. (Doc. 4). In response, Plaintiff filed a motion for a thirty-day extension of time to

1

file an amended complaint (Doc. 5), which was granted by the Court on July 9, 2013. (Doc. 6). The Court ordered Plaintiff to "file a First Amended Complaint no later than **August 9, 2013**." (*Id.* at 1) (emphasis in original). However, Plaintiff failed to comply or otherwise respond to the Court's order. Accordingly, the Court issued a second order to show cause on August 14, 2013. (Doc. 7). The order was returned as "undeliverable" with a note that Plaintiff was no longer in custody on August 19, 2013. Plaintiff's forwarding address is unknown.

## II.     Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the document was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

## III.    Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). In the Orders to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules" (Doc. 4 at 2; Doc. 7 at 2). Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders, and his failure to prosecute the action. The Court's warnings to Plaintiff that failure to prosecute and comply with the Local Rules of the Eastern District would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.

Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal, especially in light of the fact that Plaintiff has failed to file an amended complaint. The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute or notify the Court of a change in address.

### IV.   Findings and Recommendations

Plaintiff has failed to prosecute this action or and failed to comply with the Local Rules. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. No lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk of Court be DIRECTED to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 4, 2013**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE